O

# United States District Court
# Central District of California

| | |
|---|---|
| TREYVON L. DANIELS et al., <br><br> Plaintiffs, <br><br> v. <br><br> LIEUTENANT DESCHINO et al., <br><br> Defendants. | Case № 2:23-cv-04621-ODW (MBKx) <br><br> **ORDER GRANTING MOTION TO SUBSTITUTE SUCCESSORS IN INTEREST [83]** |

## I. INTRODUCTION

On June 12, 2023, Plaintiffs Treyvon L. Daniels and Mynor D. Larios brought this action against Defendants for violating constitutional, federal, and state law when Los Angeles County Sheriff's Department ("LASD") deputies deployed tear gas, pepper spray, and pepper balls against Plaintiffs while they were in custody. (Compl., Dkt. No. 1.) Plaintiffs now move to substitute three successors in interest to Larios, who is now deceased, as plaintiffs in this action. (Mot. Substitute Successors in Interest ("Motion" or "Mot."), Dkt. No. 83.) For the reasons discussed below, the Court **GRANTS** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

In the spring of 2022, Plaintiffs were pretrial detainees housed in Unit 711 at the Los Angeles County North County Correctional Facility located in Castaic, California. (Compl. ¶¶ 1, 5–6.) On April 21, 2022, LASD deputies deployed tear gas, pepper spray, and pepper balls against them. (*Id.* ¶¶ 25–105.)

Based on these allegations, Plaintiffs initiated this action against Defendants, alleging: (1) excessive force in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983; (2) supervisory liability under § 1983; (3) violation of the Bane Act, Cal. Civ. Code § 52.1; and (4) negligence. (*Id.* ¶¶ 106–33.)

On May 26, 2025, Larios passed away. (Mot. 2.) He did not leave a will. (*Id.*; Decl. Nohelia Castro ISO Mot. ("Castro Decl.") ¶¶ 2–3, Dkt. No. 83-1.) Larios is survived by his spouse, Nohelia Castro, and his two minor children.[3] (Castro Decl. ¶ 4.) On July 2, 2025, counsel notified the Court of Larios's death. (Statement Noting Death ("Suggestion of Death"), Dkt. No. 77.) Plaintiffs now move to substitute Larios's three successors in interest—Castro, MND, and SC—as plaintiffs in this action pursuant to Federal Rule of Civil Procedure ("Rule") 25. (Mot.)

## III. LEGAL STANDARD

Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

When deciding whether to grant a motion for substitution, a court must consider whether "(1) the motion is timely, (2) the claims pled are extinguished, and (3) the person being substituted is a proper party." *Christopher W. v. King*, No. 23-cv-01107-

---

[2] The Court recites only the background relevant to resolving the Motion. All factual references relating to Larios's death derive from the parties' papers filed in connection with the Motion.

[3] At the time Plaintiffs filed the instant Motion, Larios's children were both minors. To protect their privacy, the Court refers to them by their initials, MND and SC.

JLB, 2025 WL 417936, at *2 (S.D. Cal. Feb. 6, 2025). If these conditions are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Est. of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). "Rule 25(a)(1) should be applied liberally and flexibly to permit substitution of the party or parties who, as plaintiffs, would adequately represent [the decedent's] interests." *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010).

## IV.  DISCUSSION

Plaintiffs contend that the Motion is timely, Larios's claims survive his death, and Castro, MND, and SC are the proper parties for substitution. (Mot. 2–3.) Defendants argue that Larios's claims do not survive his death because he is not entitled to pain and suffering damages as a matter of law. (Opp'n 5–8, Dkt. No. 89.) They also argue that the successors in interest are not the proper parties for substitution because they failed to comply with the mandatory requirements of California Code of Civil Procedure section 377.32. (*Id.* at 2–5.)

### A.  Timeliness

Rule 25(a)(1) provides that a motion for substitution must be made "within 90 days after service of a statement noting the death." Rule 25(a)(1) "requires two affirmative steps in order to trigger the running of the 90-day period. First, a party must formally suggest the death of the party upon the record." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). Second, "the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Id.*

Plaintiffs' Motion is timely. On July 2, 2025, Plaintiffs' counsel filed and served the Suggestion of Death on counsel of record, Daniels, Castro, MND, and SC. (Decl. Jeff Dominic Price ISO Mot. ("Price Decl.") ¶¶ 6–8, Dkt. No. 83; Suggestion of Death; Price Decl. Exs. E–G ("Proofs Service"), Dkt. Nos. 83-5–7.) On September 15, 2025, Plaintiffs filed the instant Motion, well within the 90-day statutory period. (Mot.) Accordingly, the Court finds that the Motion is timely.

**B.      Survival of the Claim**

Under Rule 25(a)(1), a party can be substituted only when the plaintiff's "claim is not extinguished" by their death. The question of whether an action survives the death of a party "must be determined by looking towards the law, state or federal, under which the cause of action arose." *Stribling v. Lucero*, No. 2:16-cv-01438-TLN-JDP, 2021 WL 516849, at *1 (E.D. Cal. Feb. 11, 2021) (citation omitted). For actions under § 1983, the law of the forum state determines whether the action survives or is extinguished upon the death of a party. *See Robertson v. Wegmann*, 436 U.S. 584, 589–90 (1978) (stating that state survival statutes "provide[] the principal reference point in determining survival of civil rights actions"); *see also* 42 U.S.C. § 1988.

In California, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code § 377.20(a). Under 42 U.S.C. § 1988, state survivorship statutes may allow the survival of actions brought under § 1983. *Moor v. Alameda Cnty.*, 411 U.S. 693, 702 n.14 (1973). Here, since the forum state is California and Larios's claims fall under § 1983, Larios's death did not extinguish his claims. *See Gutierrez v. Tucker*, No. 2:19-cv-0878-JAM-DMC-P, 2021 WL 5263847, at *2 (E.D. Cal. Apr. 20, 2021) ("[B]ecause the forum state is California and the only claims presented fall under § 1983, Plaintiff's death did not extinguish the action.").

Defendants argue that Larios's claims are extinguished "outright" because "there are no damages to be recovered" as Larios "is not entitled to pain and suffering damages as a matter of law." (Opp'n 5–6 (emphasis omitted).)

Contrary to Defendants' argument, Larios may be entitled to damages other than those for pain and suffering. While California Code of Civil Procedure section 377.34(a) excludes damages for pain and suffering, it allows recovery "for the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived." Thus, section 377.34 limits damages in

survival actions but does not prohibit *all* damages outright. *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1104 (9th Cir. 2014). Moreover, the Bane Act, Cal. Civ. Code § 52, allows recovery for "actual damages," or "treble damages." but "in no case less than four thousand dollars." As a result, "a plaintiff may pursue the statutory minimum damages" without "demonstrating any actual damages." *Moody v. Rodriguez*, No. 18-cv-1110-WQH-AGS, 2022 WL 5236820, at *2 (S.D. Cal. Oct. 4, 2022). Thus, for purposes of this Motion, the Court finds that a successor in interest to Larios's estate may be entitled to at least minimum statutory damages.

### C.     Proper Party for Substitution

Rule 25(a)(1) requires that the person seeking substitution be a successor in interest or representative of the deceased Plaintiff. California substantive law applies to the issue of who is a proper party for substitution. *In re Baycol Prods. Litig.*, 616 F.3d at 787–88 ("Under California law, a successor is defined as 'the beneficiary,' and for purposes of [Rule] 25(a)(1), this is the end of the inquiry under California law."). California Code of Civil Procedure section 377.32(a) requires that a person seeking to continue a pending action as a decedent's successor in interest submit a declaration supporting substitution. The affidavit or declaration must attach a certified copy of the decedent's death certificate. *Id*. § 337.32(c).

Larios's surviving spouse, and MND and SD, Larios's surviving children, are the proper parties for substitution. Larios died intestate and is survived by his spouse and two minor children. (Castro Decl. ¶¶ 1–4.) Castro declares that she is the co-successor in interest of Larios's estate, along with her two children. (Second Decl. Nohelia Castro ISO Mot. ("Second Castro Decl.") ¶ 4, Dkt. No. 83-2.) Castro also declares that she and the minor children "succeed to the interests" of Larios "pursuant to the laws of intestate succession in this state." (*Id.*) Accordingly, the Court finds that Castro, MND, and SD are Larios's successors in interest for purposes of Rule 25.

Defendants argue that while the parties seeking substitution here have submitted declarations, they do not attach "a certified copy of the decedent's death

certificate" as required by California Code of Civil Procedure section 377.32. (Opp'n 3.) They also argue that the parties seeking substitution fail to indicate the date and place of Larios's death and fail to specify that "[n]o proceeding is now pending for the administration of the decedent's estate" as required by section 377.23(a)(2)–(3). (*Id.*) However, Castro attaches a copy of Larios's death certificate to her declaration. (*See* Second Castro Decl.) The attached death certificate clearly indicates the date and place of Larios's death. (*See id.*) Additionally, Castro declares that "[n]o proceeding is pending for the administration of the [d]ecendent's estate." (*Id.* ¶ 3.) Accordingly, the Court finds that Castro, MND, and SD are the proper parties to be substituted in this case and Defendants' arguments to the contrary fail.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Substitute Successors in Interest. (Dkt. No. 83.) Accordingly, Nohelia Castro, MND, and SC, are **SUBSTITUTED** as Plaintiffs for Larios in this matter.

**IT IS SO ORDERED.**

January 7, 2026

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**